## T. C. BUFORD *v.* STATE.

[56 South. 162.]

1. CRIMINAL LAW. *Hearsay evidence. False pretenses. Instructions.*

Where on the trial of accused for obtaining money under false pretenses by representing himself to be the agent of an adjusting company, the issue was whether or not he had been discharged by the company before the occurrence of the transaction complained of. It was error to allow the superintendent of agents of the company to testify that the books of the company showed that accused had been discharged several months before the date of the alleged offense, he having no personal knowledge of the fact, this testimony was hearsay.

2. EVIDENCE. *Criminal intent. Good faith.*

Where accused was charged with obtaining money under false pretenses by contracting in the name of a company and obtaining money thereon and by representing himself as the agent of such company and the issue was whether or not he had been previously discharged by the company. It was error for the court to refuse him an instruction that even though he was not in the employ of the company at the time of making the contract, but was ignorant of the fact that he had been discharged and acted in good faith in making the contract and obtaining the money, then he was not guilty of the crime charged.

APPEAL from the circuit court of Wilkinson county. HON. M. H. WILKINSON, Judge.

T. C. Buford was convicted of obtaining money under false pretenses and appeals.

*Jones & Ventress,* for appellant.

As to the third instruction we can only say that we were amazed at its refusal. This instruction asked the court to charge the jury that the discharge of subordinate agent by a superior agent, who had the right to discharge him, could not be proved in this case by the written report of the superior agent to the principal. If this is not sound law and applicable to this case, what is it? The witness, Joy, testified in answer to the question, "Do you know that Mr. Burford was discharged by your company?" he said, "all I know is through notice from the assistant district manager." The report itself would have been hearsay, and inadmissible, but oral testimony to the existence of the report and its contents was hearsay to the second power (thus hearsay). Surely this instruction was erroneously refused.

We respectfully submit that the fourth instruction should have been given, it had been proved both by the state and by the defendant that the latter had been the agent of the consolidated adjustment company at one time, and the issue was made as to whether or not he was still the agent when the contract with Briscoe was made, or whether he had been discharged; and if he had been discharged, whether or not he had any notice of it. This put in question defendant's good or bad faith in dealing with Briscoe, and consequently his guilt or innocense.

Evidence had been introduced in favor of both contentions. We submit, therefore, that this instruction is based upon sound principles of law, supported by the authorities already cited, and that it is germane to the facts of the case and that its refusal by the court was error.

*James R. McDowell,* assistant attorney-general.

This appellant is convicted of obtaining money under false pretenses. The record itself is the strongest brief

the state could offer.  The proof shows that the appellant did make representations to witness Briscoe that he was agent of the consolidated adjustment company, and by virtue of such representations obtained money from Briscoe.  The question here to be decided is whether such representations were false and fraudulent, and whether, at the time, appellant knew they were untrue, and knew that he did not represent the adjustment company.  The jury had the proof before them, and were given the benefit of instruction covering this very point.  I call special attention to instruction given for the state.

The jury determined that he was guilty, thereby indicating that they believed that defendant made a false representation of his agency in order to obtain this money, and that at the time that he made this representation, he knew that it was false and fraudulent, and that he did not represent the adjustment company.

Efforts to reverse the case on the facts must fail as the jury settled the disputed facts against appellant. His whole defense seems to be that he thought he still represented the adjustment company, and that his dealings with Briscoe were as an agent of said company, and that he did not know that he had been discharged. Mr. Joy, the company's superintendent of agents, testified that his records show that appellant and Van Hook, a deputy district manager, had both been discharged in October, whereas the crime here is laid in February. It is objected that this is hearsay evidence.  Certainly the records and other documents of a corporation are admissible to show who are and who are not its employees.

Counsel raises objections to the refusal of a number of instructions asked by him.  I submit that a reading of the instructions given by the court is sufficient answer to appellant's contention.  Every defense which he is entitled to is covered by instructions given.  A reading of the instructions refused him show that they are either

a repetition or unsound law, or not based upon the facts. The jury are told that they must believe beyond a reasonable doubt that the defendant not only falsely and fraudulently made these representations in order to obtain this money, but that he knew at the time he made them, that they were false. What more could defendant ask? This is all he claimed. His whole defense was that it was innocently done; that he did not know that he had been discharged. The jury decided that he did know it. If their verdict is to be disturbed, what protection has the public against such "skin-game" artists, who go around the country obtaining their money under false and fraudulent representations? If guilty, a defendant would deny that guilt. The jury decided he was guilty on the proof. It is for the jury to say whether they believed the defendant had knowledge of the falseness of the representations made by him. I take it that it is useless to enter into argument as to instructions refused appellant. No doubt an answer at once suggests itself to the court when these instructions are read, and it would be a waste of time and argument to show to the court that they were properly refused.

WHITFIELD, C.

The testimony delivered by Mr. Joy as to the discharge of the defendant we do not think competent on the testimony in this record. It was very easy to have proved that discharge by the records of the company, or by Mr. Smith or Mr. Van Hook, or any proper agent of the company, who had personal knowledge of the fact of such discharge. It is obvious that Mr. Joy's testimony on that subject was wholly hearsay. Whether or not the appellant had been discharged at the time he had his dealings with Mr. Briscoe was the vital point in the case. The fourth instruction, asked by the defendant and refused, should therefore have been given.

The defense was in substance, first, that the defendant had not been discharged as a fact; and, second, that, if he had been, he had not been notified of such discharge, and honestly believed he was still the agent, and acted in perfect good faith, then he was not guilty as charged. On this last proposition, the court refused, for the defense, charge No. 3, which is as follows: "If the jury believe from the evidence that the defendant was in the employ of the Consolidated Adjustment Company on May 9, 1910, under a contract for employment made with one of their agents, Van Hook by name, and that as such agent he made a contract with B. T. Briscoe in accordance with the rules and regulations of said company, in consideration of which he received eighty-seven dollars and seventy-five cents from said Briscoe, and that said contract was made in good faith, he is not guilty of any criminal act, even though, at the time of making said contract, he was not in the employ of said company, but was ignorant of that fact." We think, on the facts in this case, this charge, also, should have been given.

We notice no other assignments of error than those specified.                    *Reversed and remanded.*

PER CURIAM.   The above opinion is adopted as the opinion of the court; and, for the reasons therein set out, the case is reversed and remanded.